IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FELICIA WILLIAMS                                                                                    PLAINTIFF
*On Behalf Of*
A MINOR CHILD, D.W.

vs.                                           Civil No. 1:08-cv-01012

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Felicia Williams ("Plaintiff") brings this action on behalf of a minor child, D.W., and pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") on behalf of D.W. under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on behalf of D.W. on May 5, 2005. (Tr. 13, 55). In this application and in other documents filed with the SSA, Plaintiff alleges D.W. was disabled due to epilepsy. (Tr. 157). Plaintiff alleges that D.W.'s onset date was December 15, 2002.

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 55-56). This application was denied initially on September 28, 2005 and was denied again on reconsideration on April 26, 2006. (Tr. 33-34). On June 12, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 36). An administrative hearing was held on March 27, 2007 in El Dorado, Arkansas. (Tr. 299-329). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and D.W. testified at this hearing. *See id.* At the time of this hearing, D.W. was ten years old and was in the third grade. (Tr. 302-303).

On August 20, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for disability benefits for D.W. (Tr. 13-23). In this opinion, the ALJ determined D.W. was born on October 31, 1996, was a school-age child on May 5, 2005 (the date the application was filed), and was a school-age child on August 20, 2007 (the date of the ALJ's decision). (Tr. 16, Finding 1). The ALJ determined D.W. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to the ALJ's decision. (Tr. 16, Finding 2). The ALJ determined D.W. had the following severe impairments: seizures, borderline intellectual functioning, and impaired language skills. (Tr. 16, Finding 3).

The ALJ, however, also determined that the evidence did not establish that D.W. had an impairment or a combination of impairments that were either listed in, or medically equivalent to, those listed in Appendix 1, Subpart P, Regulation No. 4 ("Listings"). (Tr. 16, Finding 4). In making this finding, the ALJ noted that "[c]onsideration has been assigned to listings 112.05 (mental retardation); 111.03 (minor motor seizure disorder); and 102.8 (speech and language disorder)." *See id.* The ALJ also evaluated the six functional domains and determined that D.W. did not have an impairment or a combination of impairments that were functionally equivalent to the Listings. (Tr. 16-23, Finding 5). Specifically, the ALJ determined D.W. had a less than marked limitation in

acquiring and using information and in health and physical well-being. *See id.* The ALJ also determined D.W. had no limitation in attending and completing tasks, in interacting and relating with others, in moving about and manipulating objects, and in the ability to care for himself. *See id.*

The ALJ determined that because D.W. did not have an impairment or combination of impairments that resulted in either a "marked" limitation in any two domains of functioning or an "extreme" limitation in any one domain of functioning, D.W.'s impairments or combination of impairments were not functionally equivalent to the Listings. (Tr. 16-23, Finding 5). Accordingly, the ALJ also determined that D.W. was not disabled and had not been disabled at any time since May 5, 2005, the date Plaintiff filed D.W.'s application. (Tr. 23, Finding 6).

On August 23, 2007, Plaintiff requested that the Appeals Council review the ALJ's hearing decision and order. (Tr. 9). On January 26, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On February 21, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on February 26, 2008. (Doc. No. 4). Both Plaintiff and Defendant have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed his application in 2003, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her

ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

### 3. **Discussion:**

The parties do not dispute that D.W. meets the disability requirements under Step One (D.W. has not engaged in SGA) and Step Two (D.W.'s impairments are severe) of the Analysis. Plaintiff, however, does claim the ALJ erred in finding D.W. was not disabled at Step Three of the Analysis. (Doc. No. 6, Pages 2-8). Specifically, Plaintiff claims (1) D.W. meets child's listing 111.03 and (2) D.W. has an impairment or combination of impairments functionally equivalent to the listings. *See id.*

This Court has considered all arguments raised in the parties' appeal briefs and has considered the transcript in D.W.'s case. (Doc. Nos. 6-7). Based upon this review, this Court finds that the ALJ's hearing decision dated August 20, 2007 is not supported by substantial evidence and should be reversed and remanded because the ALJ failed to properly evaluate D.W.'s subjective complaints pursuant to 20 C.F.R. § 416.929. (Tr. 18-19).

In a child disability case, the Social Security Regulations clearly state that the ALJ is required to analyze subjective complaints in accordance with the seven factors from 20 C.F.R. § 416.929(c) (providing the requirements for "[e]valuating the intensity and persistence of your symptoms, such as pain, and determining the extent to which your symptoms limit your capacity for work or, *if you are a child, your functioning*.") (emphasis added). Specifically, the ALJ must consider these factors, which provide as follows, in order to determine the child's functional limitations: (1) the child's daily activities; (2) the location, duration, frequency, and intensity of the child's pain or other symptoms; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of the child's medication; (5) treatment, other than medication, that the child receives or has

received for relief of pain or other symptoms; (6) any measures the child uses or has used to relieve his or her pain or other symptoms; and (7) other factors concerning the child's functional limitations or restrictions due to pain or other symptoms. *See* 20 C.F.R. § 416.929(c)(3); *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) (requiring analysis of five of those factors). The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines those factors prior to discounting the subjective complaints regarding the child's functional limitations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

In the present action, the ALJ did not provide any substantive analysis of the seven factors from 20 C.F.R. § 416.929(c)(3). (Tr. 18-19). Instead, the ALJ made some cursory conclusions and discounted Plaintiff's subjective complaints of D.W.'s limitations by stating the following:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely credible.

(Tr. 18). The ALJ's failure to provide a substantive analysis of these factors is especially troubling where, as here, Plaintiff has offered subjective evidence of the frequency and severity of D.W.'s seizures, and the ALJ has provided little or no analysis for discounting that subjective evidence. (Tr. 18-19). In fact, the ALJ's only reason for discounting Plaintiff's subjective complaints regarding D.W.'s seizures was that "the claimant's seizures typically occur at night." (Tr. 18). Because the ALJ's analysis of Plaintiff's subjective complaints was insufficient, this case must be reversed and remanded.

**4. Conclusion:**

Based upon the foregoing, the decision of the ALJ, denying benefits to D.W., is not supported by substantial evidence and must be reversed and remanded. A judgment incorporating these

findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of March, 2009.**


                                        /s/ Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE